USCA1 Opinion

 

 February 10, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ Nos. 93-1356 93-1672 NAZZARO SCARPA, Plaintiff, Appellant, v. NICHOLAS SAGGESE, Defendant, Appellee. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. William G. Young, U.S. District Judge] ___________________ ___________________ Before Torruella, Boudin and Stahl, Circuit Judges. ______________ ___________________ Nazzaro Scarpa on brief pro se. ______________ Albert W. Wallis, Corporation Counsel and William J. Walsh, ________________ ________________ Assistant Corporation Counsel, on brief for appellee. __________________ __________________ Per Curiam. Nazzaro Scarpa sued Nicholas Saggese, a __________ Boston police officer, alleging that Saggese used excessive force in arresting and detaining him on March 1, 1988. A jury found for Saggese. Scarpa appeals. He also appeals the subsequent denial of a motion to reconsider the denial of his motion for a new trial. We affirm. 1. There was no abuse of discretion in the district court's refusal to continue the trial pending the filing of an appearance by counsel for Scarpa. Scarpa indicated trial- readiness in April 1992, by asking for assignment of a trial date. His request was granted and the case was placed on the court's running trial list as of September 1992. On March 9, 1993, the case was called for March 15. Despite Scarpa's April 1992 assertion that he was ready for trial, it appears that he thereafter attempted to obtain counsel. But, the earliest indication of interest in the case by an attorney is mid-February 1993. There is no explanation for the incongruity of asserting trial-readiness while simultaneously attempting to obtain counsel, who most assuredly would seek a continuance. Further, there is no explanation for the delay until mid-February. Moreover, the interest expressed by Scarpa's potential counsel was tentative at best. Counsel never filed an appearance in the case. Counsel apparently was unwilling to enter an appearance prior to a court order granting a -2- continuance. The court did not abuse its discretion in declining to continue this trial, initially pressed by Scarpa eleven months earlier, in the absence of an appearance by counsel and in the face of such a tentative and contingent expression of interest. 2. Contrary to Scarpa's contention, the district court cannot be faulted for failing to secure the attendance of certain witnesses who, despite a reasonable attempt, were not found. Scarpa argues that the witnesses should have been served with subpoenas "months before trial" or a "subpoena card" should have been left at their addresses. One does not issue an open-ended subpoena for attendance at trial. The subpoena must recite the specific trial date, for which attendance is required. "Every subpoena shall ... command each person to whom it is directed to attend and give testimony ... at a time and place therein specified." Fed. R. Civ. P. 45(a)(1)(C). The trial date was not set until March 9. Moreover, a subpoena cannot be left at someone's home; it must be served upon the person. Fed. R. Civ. P. 45(b)(1); see also 9 Charles A. Wright & Arthur R. Miller, _________ Federal Practice and Procedure 2461 at 447 (1971). Scarpa moved for a new trial on the ground that the marshals' service had not made a reasonable effort to serve his witnesses, submitting a letter from Attorney Paul F. Murphy, dated April 26, 1993. The district court correctly -3- denied this motion as untimely. See Fed. R. Civ. P. 59(b) ___ (motion shall be served not later than ten days after entry of judgment). The court subsequently denied Scarpa's motion to reconsider. On his appeal from this denial, Scarpa contends that his motion should be construed as a Rule 60(b)(2) motion based on newly discovered evidence. This is unavailing. Scarpa knew at trial that the marshals had been unable to effect service. The information provided in Attorney Murphy's letter is not newly discovered in a Rule 60(b)(2) sense, i.e., it is not "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." And, in any event, the information contained therein is not inconsistent with, or cast doubt on, the reasonableness of the attempted service. Attorney Murphy reiterates that Ms. Carrillo was away at the time of Scarpa's trial and, as for Ms. McDermatt, the marshals' failure to serve her appears to have resulted from Scarpa's failure to provide them with a correct spelling of both her first and last names and a correct address. 3. Scarpa argues that the court should have granted a mistrial when Officer LoPriore, Saggese's partner, apparently unwittingly, violated a witness sequestration order by remaining in the courtroom during Saggese's testimony. Determination of a sanction for a violation of a -4- sequestration order is within the sound discretion of the trial court. United States v. Arias-Santana, 964 F.2d 1262, _____________ _____________ 1266 (1st Cir. 1992). In this case, the court barred the testimony of a second witness who also had heard Saggese's testimony, allowed Scarpa to ask LoPriore whether he had memorized Saggese's responses, and stated that Scarpa could argue this inference to the jury. There was no abuse in discretion in refusing to grant a mistrial. 4. The record does not support Scarpa's allegation that the jury was coerced into returning a verdict for Saggese by the modified Allen charge, see Allen v. United _____ ___ _____ ______ States, 164 U.S. 492 (1896), given by the court after the ______ jury indicated that it could not reach a decision. See ___ United States v. Nichols, 820 F.2d 508, 511-12 (1st Cir. ______________ _______ 1987) (approving substantially the same charge in a criminal case); 9 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure 2556 at 663 (1971) (the modified Allen charge may be properly given in a civil case). _____ Affirmed. _________ -5-